LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-07911 BRO (MRWx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA V. TECHNO LEGED, LLC ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

   Plaintiff Travelers Property Casualty Company of America ("Plaintiff") brought this action in on August 23, 2016, against Defendants Techno Legend, LLC and Saleh Shalomi. (*See* Dkt. No. 1 (hereinafter, "Compl.").) In its Complaint, Plaintiff alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] (Compl. ¶ 1.) A federal court must determine its own jurisdiction, even where there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

   Under § 1332, the Court has federal subject matter jurisdiction so long as all plaintiffs are diverse from all defendants and the amount in controversy is, at minimum, $75,000. *See* 28 U.S.C. § 1332(a). Here, Defendants' Removal sufficiently alleges that Plaintiff is a Connecticut corporation with its principal place of business in Connecticut, that Defendant Saleh Shalomi is a California resident, and that the amount in controversy is $600,000. (*See* Compl. ¶¶ 3, 5, 36.) However, Plaintiff's allegations regarding the

---

[1] Plaintiff also alleges that the Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. (Compl. ¶ 1.) "The Declaratory Judgment Act merely creates a remedy in cases otherwise within the court's jurisdiction; it does not constitute an independent basis for jurisdiction." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1382–83 (9th Cir. 1988). Therefore, Plaintiff must rely on § 1332 to establish jurisdiction.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07911 BRO (MRWx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA V. TECHNO LEGED, LLC ET AL. | | |

citizenship of Defendant Techno Legend, LLC is not satisfactory.  Plaintiff alleges that Techno Legend, LLC is a limited liability company with its principal place of business in California.  (Compl. ¶ 4.)  However, for establishing diversity jurisdiction, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Plaintiff provides no information regarding the identity or citizenship of Techno Legend, LLC's members or owners.

Accordingly, Plaintiff is **ORDERED to show cause** as to why this case should not be dismissed for lack of subject matter jurisdiction.  An appropriate response will properly identify and indicate the citizenship of each of Techno Legend, LLC's owners or members.  Defendants shall file their response to this Order **no later than Thursday, November 10, 2016, at 4:00 p.m.**

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |